**MEMO ENDORSED**

**THE CITY OF NEW YORK**

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN ZAPERT**
*Senior Counsel*
(212) 356-2354
bzapert@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/04/2020

April 30, 2020

**BY ECF**
Honorable Judge Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Plaintiff shall respond no later than May 5, 2020. Defendants may reply no later than May 7, 2020. The parties are (a) directed to discuss scheduling with one another, in accordance with Moses Ind. Prac. 2(a); and (b) advised that this Court ordinarily extends deadlines (rather than issue a "stay") in cases where the public health emergency has made it difficult for the parties to comply with their litigation obligations. SO ORDERED.
>
> _____
> Barbara Moses, U.S.M.J.
> May 4, 2020

Re:  Grantley Braithwaite v. the City of New York et al.,
     19 Civ. 9235 (PGG) (BCM)

Your Honor:

I represent the defendants The City of New York, Detective Mantilla, Detective Haggerty and Undercover Officer 391 in this case. I am writing to respectfully request that the Court stay the current plan schedule for this case for sixty (60) days in light of the recent developments surrounding the COVID-19 pandemic. This case is currently scheduled for mediation under the § 1983 plan, however we believe that mediation will not be fruitful as we have not received all the documents necessary to evaluate this case, and do not expect that we will receive them until the situation changes. This is Defendants' first request for a stay of mediation. The mediator assigned to this case, Marie Normil, does not object to this request. Defendants have not been able to contact plaintiff in order to determine plaintiff's position.

On October 17, 2019, this § 1983 civil rights case against the City and several police officers was designated to participate in the Local Civil Rule 83.10 early mediation plan. Under the plan schedule, the § 1983 plan review is due on May 11, 2020. The City is currently not in a position to meaningfully engage in mediation because of the current COVID-19 pandemic.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity, and recently

extended the stay-at-home order to May 15. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees, including me, work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, comply with the § 1983 production schedule, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department and Manhattan District Attorney's Office are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

Our office is awaiting the receipt of plaintiff's case file from the Manhattan District Attorney's office. Absent that documentation, we cannot meaningfully engage in mediation of this case.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for sixty (60) days. This will give this Office the time and opportunity needed to adjust to these new circumstances.

Thank you for your consideration.

Respectfully submitted,

*Brian Zapert*/S/
Brian Zapert
*Senior Counsel*

cc:   **BY ECF**
Sim & DePaola, LLP
*Attorneys for Plaintiff*