

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2021

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**BRIAN ZAPERT**
*Senior Counsel*
Phone: (212) 356-2354
Fax: (212) 356-3509
bzapert@law.nyc.gov

March 17, 2021

**BY ECF**
Honorable Judge Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   Grantley Braithwaite v. the City of New York et al.,
      19 Civ. 9235 (PGG) (BCM)

Your Honor:

     I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. Defendants City, Detective Mantilla, Detective Haggerty, and Undercover 391 write to respectfully request that the Court order plaintiff to respond to defendants' first set of interrogatories and document requests in accordance with Federal Rules of Civil Procedure 33 and 34, and deem any objections thereto waived.

     Defendants served their first set of discovery demands on plaintiff on December 3, 2020. On December 7, 2020, plaintiff confirmed receipt of defendants' demands. Plaintiff's responses were due on January 2, 2021. Having not received said responses, on January 25, 2021 the undersigned emailed plaintiff's counsel to ask when he would respond to our demands and to ascertain his position regarding defendants' proposed extension of discovery. Plaintiff did not respond. Defendants then filed a letter with the court requesting an extension of discovery. Dkt. No 28. Plaintiff subsequently filed a reply joining our request for an extension of discovery. Dkt No. 29. On February 2, 2021 plaintiff wrote defendants and requested an extension to February 12, 2021in order to respond to defendants' demands. On February 3, 2021, I replied that defendants would consent to receiving plaintiff's untimely responses by February 12, 2021 if plaintiff agreed to respond in full and waive any objections aside from those for privilege. Plaintiff never replied. Still not having received the responses, and in compliance with the good faith obligations of the Federal Rules of Civil Procedure, on March 9, 2021, defendants served plaintiff with a letter reiterating that plaintiff's responses were overdue and advising him to

produce the responses by March 16, 2021. (See Exhibit "A" attached hereto.) Nonetheless, to date, plaintiff still has not served responses to defendants' discovery demands.

As plaintiff has not responded in a timely manner to defendants' discovery demands, t any objections, other than those for privilege, to be deemed waived. See e.g. Carr v. Queens-Long Island Med. Group, P.C. et al., 02 Civ. 1676 (NRB) (JCF), 2003 U.S. Dist. LEXIS 974, at *15 (S.D.N.Y. Jan.24, 2003) (holding that failure to provide discovery responses in a timely fashion is a basis for deeming objections waived). Defendants therefore ask that the Court compel plaintiff to respond to defendants' discovery demands in full.

Thank you for your consideration.

Respectfully submitted,

*Brian Zapert* /S/

Brian Zapert
*Senior Counsel*

cc: **BY ECF**
Sim & DePaola, LLP
*Attorneys for Plaintiff*

> Application DENIED without prejudice to renewal in compliance with the requirements of Moses Indiv. Prac. § 2(b), including the requirement to "quote or set forth verbatim each discovery request and response in contention in accordance with Local Civil Rules 37.1 and 5.1." This requirement may be satisfied by attaching the relevant request(s) and response(s) (if any) to the renewed letter-motion. SO ORDERED.
>
> Barbara Moses, U.S.M.J.
> March 18, 2021