UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRANTLEY BRATHWAITE,

    Plaintiff,

-against-

CITY OF NEW YORK, et el.,

    Defendants.



19-CV-9235 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated March 29, 2021 (March 29 Order) (Dkt. No. 37), which resolved a letter-motion by defendants (the Motion) (Dkt. No. 33) to compel discovery from plaintiff, the Court awarded reasonable attorneys' fees to defendants pursuant to Fed. R. Civ. P. 37(a)(5)(A), setting the amount of the award at $500 unless defendants chose to seek a larger award:

> The Court estimates that counsel's reasonable fees incurred in preparing the Motion were $500. If defendants seek a larger award, they shall file a fee application, limited to the amount of reasonable attorneys' fees (and any other expenses) incurred in making the Motion, supported by properly authenticated contemporaneous time records and documentation of any out-of-pocket expenses, no later than April 5, 2021. Plaintiff's response, which shall similarly be limited to the amount of the fees and other expenses reasonably incurred in making the Motion, shall be due no later than April 12, 2021. If defendants accept the Court's estimate of $500, that sum shall be paid by plaintiff to defendants no later than April 12, 2021.

March 29 Order at 1-2.

Defendants did not seek a larger award. However, April 12, 2021 came and went with no payment. Nor did plaintiff object to, or seek reconsideration of, the March 29 Order.

On April 23, 2021, defendants' counsel inquired by email as to the status of the payment. Letter dated May 7, 2021 (Pl. May 7 Ltr.) (Dkt. No. 41) Ex. 1 (Dkt. No. 41-1), at ECF page 3. In response, plaintiff's counsel Samuel C. DePaola asserted that the March 29 Order "directed" defendants' counsel to "inform the court whether [defendants] accepted" the $500 award, and explained that since he "did not observe any notice on the docket," he "assumed that your office

waived entitlement to the court ordered fees of $500.00." *Id*. at ECF page 2. Defendants' counsel disagreed, noting – correctly – that defendants "did not seek a larger award" and so "did not have to file anything." *Id*. Attorney DePaola, however, continued to insist that defendants had waived the award, and refused to pay absent a further court order: "If you still insist on your payment . . . please make a motion to the Court." *Id*. at ECF page 1.[1] On April 28, 2021, after a further exchange of nonproductive emails, DePaola suggested that the parties "jointly seek clarification from the court," adding that "[i]f the court decides that defendants' acceptance was implied, payment will be remitted forthwith without objection." *Id*.

Adopting plaintiff's first suggested approach ("make a motion") rather than his second ("jointly seek clarification from the court"), defendants filed a letter-motion on May 3, 2021 (the May 3 Motion) (Dkt. No. 38), asking that the Court "order plaintiff to comply" with the March 29 Order. Construing the letter as a motion made pursuant to Fed. R. Civ. P. 37(b)(2)(A), the Court directed plaintiff to respond, pursuant to Moses Ind. Prac. §§ 1(d) and 2(e), no later than May 6, 2021. (Dkt. No. 39.) Plaintiff missed that deadline, prompting defendants to submit a letter on May 7, 2021, noting that the May 3 Motion was unopposed. (Dkt. No. 40.)

Later that day, plaintiff submitted an untimely opposition letter in which – after accusing opposing counsel of dishonesty[2] – he takes the position that the March 29 Order was "irrefutably

---

[1] In the same email, plaintiff outlined an objection he would have made "[i]f you had accepted," namely, that "the magistrate [judge] improperly imposed sanctions *sua sponte* in the absence of even a motion to compel." Pl. May 7 Ltr. Ex. 1, at ECF page 1. It is not clear why plaintiff did not recognize the Motion (which was docketed as a Letter Motion to Compel Defendant to Respond to Discovery Demands, and which asked for an order compelling plaintiff to serve his overdue response to defendants' interrogatories and document demands) as a motion to compel.

[2] Apparently unhappy that defendants' letter did not expressly describe his April 28 proposal that the parties jointly request clarification of the March 29 Order, DePaola accuses opposing counsel of mischaracterizing his position, "shamelessly" deploying "blatant falsehoods" to damage his credibility, "blatantly misrepresent[ing]" his statements and contentions, and filing a "frivolous" motion. Pl. May 7 Ltr. at 1-3.

contingent upon an acceptance that never materialized" and thus that he "understandably presumed" that defendants intended to waive their entitlement to the "trivial sum" awarded. Pl. May 7 Ltr. at 2.[3] Plaintiff asks the Court to deny defendants' motion and "order sanctions to be imposed on defendants, including reasonable attorney's fees to be awarded to plaintiff." *Id*. at 3. This letter, in turn, prompted defendants to file a reply letter (Dkt. No. 42), objecting to attorney DePaola's *ad hominem* attacks and arguing that if plaintiff "had trouble understanding" or objected to the March 29 Order it was his obligation – not defendants' – to seek any necessary clarification, move for reconsideration, or file objections.

Defendants are largely correct. Nothing in the March 29 Order "directed" defendants to "inform the court whether [they] accepted" the $500 award. Pl. May 7 Ltr. at 2. In the absence of any application for a larger sum (in which case plaintiff would have had an opportunity to respond to the specifics of that application), plaintiff and his counsel owed $500 to defendants on April 12, 2021. Even assuming, *arguendo*, that plaintiff genuinely (albeit mistakenly) "presumed" that defendants "waived" the sanction by not "accepting" it in writing, *id*., he was disabused of that notion during the parties' email exchange – but still did not pay the sanction. Instead, his mistaken presumption hardened into an equally mistaken conviction that the Order "clearly" (Pl. May 7 Ltr. Ex. 1, at ECF page 1) and "irrefutably" (Pl. May 7 Ltr. at 2) conditioned the award on "an acceptance that never materialized." *Id*. Since that is not what the March 29 Order says, plaintiff's continued refusal to pay any sanction at all is unjustified, as is his characterization of defendants' May 3 Motion as "frivolous" and his demand – untethered to any statute or rule – that this Court sanction defendants for their attempt to collect the sanctions previously awarded to them.

---

[3] Plaintiff does *not* argue that the March 29 Order was improper in any way. In fact, he denies that his refusal to pay was "due to any objections to the Court's order." Pl. May 7 Ltr. at 2.

Consequently, defendants' May 3 Motion is GRANTED to the extent that plaintiff and his counsel must (a) pay the previously-awarded $500 sanction to defendants "forthwith," *see* Pl. May 7 Ltr. Ex. 1, at ECF page 1; and (b) confirm in writing, by letter filed on the electronic docket of this action no later than **May 19, 2021**, that they have done so. Giving plaintiff the benefit of the doubt as to his initial mistaken presumption, the Court will not, at this time, impose additional sanctions. *See* Fed. R. Civ. P. 37(b)(2)(C). Plaintiff's cross-motion for sanctions is DENIED.

This Order resolves the motion at Dkt. No. 38.

Dated: New York, New York
May 12, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**