

**GEORGIA E. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN ZAPERT**
*Senior Counsel*
Phone: (212) 356-2354
bzapert@law.nyc.gov

**MEMO ENDORSED** June 21, 2021

**BY ECF**
Honorable Judge Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/21
```

      Re:    Grantley Braithwaite v. the City of New York et al.,
             19 Civ. 9235 (PGG) (BCM)

Your Honor:

      On behalf of defendants City, Detectives Mantilla and Haggerty, and Undercover 391 write to respectfully request that the Court order plaintiff to provide an adequate response to defendants' first set of interrogatories and document demands, dated December 3, 2020 pursuant to Fed. R. Civ. P. 33, 34, 37(a)(5)(A) and 37(B)(2)(A) and deem any objections thereto waived.

      Plaintiff's belayed response to defendants' first interrogatories and document demands, dated December 3, 2020, has already been the subject of motion practice. See Dkt. Nos 33, 34, and 35. See Dkt. No. 33 for a detailed account of the procedural history that necessitated defendants' prior motion to compel. This motion concerns deficiencies in plaintiff's latest response, served on March 24, 2021. (Exhibit A). On April 23, 2021 defendants served plaintiff with a deficiency letter detailing the ways in which plaintiff failed to adequately respond and demanded that plaintiff provide a more fulsome response. (Exhibit B). Plaintiff has not responded to date.

      At 4:00pm on May 20, 2021 I called plaintiff's office to attempt to meet and confer regarding plaintiff's overdue response to defendants' deficiency letter. I was unable to contact plaintiff. On May 25, 2021, at 3:00pm, I called plaintiff's office again and was unsuccessful in reaching plaintiff. On May 26, 2021 I emailed plaintiff's counsel and asked him to contact me so that we could meet and confer by phone concerning plaintiff's response to the deficiency letter. On June 1, 2021 the undersigned and Samuel DePaola met and conferred regarding the deficiency letter by phone for approximately five minutes. Plaintiff informed me that he would "look at the deficiency letter" and provide defendants a response by the following day, June 2,

2021. I responded that defendants are more interested in a fulsome response than a quick one and that if plaintiff needed more time to provide a substantive response defendants would consent so long as the amount of time requested was reasonable. Plaintiff repeated that he would respond by June 2, 2021. To date, plaintiff has not responded.

Plaintiff's response is material deficient in the following ways:

- Plaintiff claims damages stemming from his alleged loss of housing and harm to his immigration status due to his arrest. Dkt. No. 1 and Plaintiff's 50-h testimony, *passim*. Plaintiff objected to providing any documents or releases related to his housing or immigration status on the grounds that doing so might implicate attorney-client privilege, Ex. A at * 8, and has refused to provide any documents or information concerning these claims (and has not provided a privilege log for the alleged privileged documents). Plaintiff has placed his housing and immigration status at issue by claiming damages resulting from them, and accordingly should provide all documents relating to his housing and immigration status as well as authorizations permitting defendants to obtain these records pursuant to subpoena.

- In plaintiff's response and objection to Interrogatory No. 19, plaintiff refused to provide any healthcare information on the basis that plaintiff is only claiming garden variety emotion distress (GVED). Yet, plaintiff's response to Int. No. 10 does not so limit his injury claims. Neither does Plaintiff's Complaint. Dkt. No. 1, ¶¶143-149. Moreover, plaintiff, in his Rule 26 disclosure and correspondence dated 2/17/20 reference damages for "excessive force, assault and battery (physical distress/pain), and emotional distress (not limited to GVED)" (Exhibit C). This is contradictory. Plaintiff must address this contradiction and either produce the requested releases or withdraw any claims for emotional damages that go beyond those of a "garden variety".

- Plaintiff objected to defendants' demand for documents concerning any unrelated arrests or criminal proceedings against plaintiff (Defendants' Interrogatories Nos. 16 and 17) on the basis that this request is an "unlawful discriminatory act" under NY State law. First, state law has no application in federal court. Second, plaintiff has placed his arrest/conviction history at issue by claiming emotional distress as a result of the underlying arrest/prosecution. See Nunez v. City of N.Y., 2013 U.S. Dist. LEXIS 70812, at *33-34 (S.D.N.Y. May 17, 2013). Plaintiff must either respond to our demands for this information or drop any claims for emotional distress beyond GVED.

- Plaintiff objected and refused to provide any releases for documentation on the grounds that demands for releases are not "requests for document production" under Fed. R. Civ. P Rule 34. Ex. A. Defendants do not agree. Plaintiff has put his immigration status, housing application, and physical/mental health at issue by claiming related damages and he therefore cannot refuse to produce the requested authorizations. "[I]n any lawsuit where the plaintiff is alleging physical and

emotional injuries, it is standard procedure for the judge to direct the plaintiff to sign a HIPAA-compliant authorization for the release of his complete medical, pharmacy, psychiatric or psychological treatment or counseling records." Wilson v. Calderon, 2015 U.S. Dist. LEXIS 199591, at *16 (S.D.N.Y. May 18, 2015); Hockenjos v. City of New York, at *4 (E.D.N.Y. May 30, 2014) (citation, alteration, and internal quotation marks omitted). Courts in this Circuit can order plaintiff to produce executed releases and also dismiss the action with prejudice if plaintiff continues to refuse to produce the ordered releases. See Burgess v. Goodman, No. 18-CV-6584 (VEC), 2019 U.S. Dist. LEXIS 26973, at *16 (S.D.N.Y. Feb. 20, 2019).

This list constitutes only the most salient deficiencies in plaintiff's response and is not a comprehensive accounting of all the deficiencies contained therein. Defendants request that plaintiff's compel production of the needed releases so that plaintiff can prosecute this case and allow defendants to defend it. In the alternative, plaintiff must withdraw any claims for which he refuses to produce the demanded release.

Thank you for your consideration.

Respectfully submitted,

*Brian Zapert* /s/
Brian Zapert
*Senior Counsel*

cc: **BY ECF**
Sim & DePaola, LLP
*Attorneys for Plaintiff*

---

Application GRANTED to the extent that the Court will conduct a discovery conference on **July 1, 2021, at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. This is an in person conference. Counsel are advised to consult the Chief Judge's current entry protocols, available at https://nysd.uscourts.gov/covid-19-coronavirus, in advance of the conference. Plaintiff's opposition letter is due no later than **June 25, 2021**. Defendants' optional reply is due no later than **June 29, 2021**. See Moses Ind. Prac. § 2(e). It is the Court's intention to resolve the parties' discovery dispute based on their letters, augmented by such argument as may be presented at the conference, until the Court directs the parties to submit more formal briefing. SO ORDERED.

_____
Barbara Moses
United States Magistrate
Judge June 22, 2021